# In the United States Court of Federal Claims

No. 23-1124C

(Filed: August 7, 2023)

|  |  |
|---|---|
| **OAK GROVE TECHNOLOGIES, LLC,** | ) ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant,* | ) ) ) |
| and | ) ) |
| **F3EA, INC.,** | ) ) ) ) |
| *Defendant-Intervenor.* | ) ) ) ) |

## ORDER

On July 19, 2023, Plaintiff, Oak Grove Technologies, LLC, filed its bid protest complaint against Defendant, the United States. ECF No. 1. On July 23, 2023, F3EA, Inc. ("Defendant-Intervenor"), filed a motion to intervene as of right in this case pursuant to Rule 24(a)(2) of the Rules of the United States Court of Federal Claims ("RCFC"). ECF No. 11. Plaintiff consented to F3EA's intervention "for the limited purpose of addressing *any particular arguments regarding F3EA* and protecting [F3EA's] proprietary information." ECF No. 11-1 at 2 (emphasis added). On July 25, 2023, the Court held a status conference with the parties. ECF No. 19 at 1. On the same day, the Court granted F3EA's motion to intervene "as a matter of right pursuant to [RCFC] 24(a)(2)" subject to the outstanding question of "whether the Court can and should limit F3EA's intervention in any way, as Plaintiff requests." ECF No. 19 at 2.

Pursuant to the Court's order for further briefing regarding the scope of F3EA's participation in this case, Oak Grove filed a timely response to F3EA's motion to intervene on July 31, 2023. ECF No. 21. In that response, Plaintiff asked that the Court "limit the scope of F3EA's intervention to (1) protecting F3EA's confidential information . . . ; and (2) filing substantive briefs relating to Count V, which . . . [concerns] F3EA's

hiring of a former government support contractor employee involved in every facet of this procurement." ECF No. 21 at 1. F3EA filed a timely reply on August 3, 2023, in support of its motion to intervene without restriction. ECF No. 22. On August 4, 2023, the parties filed a joint status report proposing a schedule for further proceedings that includes motions for judgment on the administrative record ("MJARs"). ECF No. 24.

Cutting to the chase, this Court rejects Oak Grove's request to limit F3EA's participation in this case.

F3EA's intervention, to which Plaintiff consented at least in part, is pursuant to RCFC 24(a)(2). *See* ECF No. 19 at 2. That rule requires the Court to permit intervention on motion by anyone who demonstrates "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." RCFC 24(a)(2). This rule mirrors Rule 24 of the Federal Rules of Civil Procedure ("FRCP"), and interpretations of FRCP 24 inform this Court's interpretation of RCFC 24. *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1560 & n.4 (Fed. Cir. 1989); *see also* RCFC 2002 Rules Committee Note ("[I]nterpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure."); RCFC 24 Rules Committee Notes, 2008 Amendment (conforming RCFC 24 to FRCP 24).

Intervention pursuant to FRCP 24(a)(2) is "an intervention of right, and historically most courts and commentators have held that conditions cannot be imposed on such intervention." *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 974 F.2d 450, 469–70 (4th Cir. 1992) (citing 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1922 (2d ed. 1986) [hereinafter Wright & Miller 2d ed.]); *see Cotter v. Mass. Ass'n of Minority L. Enf't Officers*, 219 F.3d 31, 36 n.2 (1st Cir. 2000) ("The traditional sense was that a court could not impose conditions on an intervention as of right.").[1] Indeed, "[i]n general, intervenors of right 'assume the status of full participants in a lawsuit and are normally treated as if they were original parties once intervention is granted.'" *Columbus-Am. Discovery Grp.*, 974 F.2d at 469–70 (quoting *District of Columbia v. Merit Sys. Prot. Bd.*, 762 F.2d 129, 132 (D.C. Cir. 1985)); *see also United States v. Texas*, 2006 WL 8441615, at *2 (E.D. Tex. May 30, 2006) ("It is well-settled that an intervenor of right — unlike a permissive intervenor, upon whom restrictions may be imposed — has all of the privileges of an original party, subject only to such reasonable restrictions as needed to ensure the 'efficient conduct of the proceedings.'" (quoting Wright & Miller 2d ed.)).

---

[1] *See also* 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1922 (3d ed.) (Westlaw database updated Apr. 2023) ("It seems very doubtful, however, that the court has the right to make significant inroads on the standing of an intervenor of right; in particular, it should not be allowed to limit the intervenor in the assertion of counterclaims or other new claims." (footnotes omitted)).

Based on an advisory committee note, however, *see* FRCP 24 Advisory Committee Notes, 1966 Amendment, "[d]istrict courts have frequently imposed such conditions, and courts of appeals have sometimes embraced them[.]"  *Cotter*, 219 F.3d at 36 n.2 (citing cases and noting that "courts of appeals have commonly reserved the issue, leaving the extent to which such conditions may be imposed unclear"); *see also Cerro Metal Prods. v. Marshall*, 620 F.2d 964, 969 n.7 (3d Cir. 1980).

The parties have pointed this Court to no decision of our appellate court, the United States Court of Appeals for the Federal Circuit, that addresses whether a trial court may impose conditions on a party intervening in a case pursuant to RCFC 24(a) or FRCP 24(a).  In the absence of any binding authority addressing the issue, this Court follows the plain language of RCFC 24 and concludes that "[w]hile it is true that a district court may place conditions on the terms of a permissive intervention, we do not believe that a court may impose conditions that effectively rewrite the rule" as Oak Grove proposes.  *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1248 n.33 (11th Cir. 2006) (citation omitted) (citing Wright & Miller 2d ed.).  That is not to suggest this Court can never impose some limitations or conditions on an intervenor.  *See Am. Great Lakes Ports Ass'n v. Zukunft*, 2016 WL 8608457, at *5–6 (D.D.C. Aug. 26, 2016) (citing cases that limited intervenors).  Still, "given that this case centers on review of an administrative record under the APA [standard of review], the [intervenor's] ability to introduce collateral issues is limited." *Id.*

In sum, Rule 24(a), at least in general, "does not authorize the imposition of conditions on a party that satisfies the requirements of that rule."  *Texas*, 2006 WL 8441615, at *2.  This Court thus declines to impose any restrictions on the subject matter or arguments that F3EA may address in its MJAR briefing.

On the other hand, this Court is not unsympathetic to Oak Grove's concern that F3EA's intervention effectively doubles the arguments to which Oak Grove will need to respond in its MJAR briefing.  The Court's shared concern, in that regard, reflects the procedural context of this procurement and Oak Grove's complaint.  Typically, when a pre-award complaint challenges the government's elimination of a plaintiff from a procurement's competitive range, other offerors likely would not have grounds to intervene as a matter of right.  *See, e.g.*, *Vectrus Servs. A/S v. United States*, 164 Fed. Cl. 693, 707 n.14 (2023).  Oak Grove's situation is different, though, only because the competitive range determination at issue resulted from relief this Court ordered after siding with Oak Grove in an earlier, related bid protest.  ECF No. 1 ¶¶ 102–10 (Oak Grove's complaint).  Indeed, as F3EA points out, *see* ECF No. 22 at 1–3, several of Oak Grove's claims target or involve F3EA in one manner or another, *see* ECF No. 1 ¶ 129 (Count I); *id.* ¶¶ 167–69 (Count III); *id.* ¶¶ 182–83, 185–86 (Count IV).

All of that is a long way of expressing that the present dispute's unusual circumstances incline the Court to balance Oak Grove's legitimate concerns about

3

fairness against F3EA's intervention pursuant to RCFC 24(a) by adjusting all parties' total page counts (*i.e.*, including F3EA as Defendant-Intervenor).[2]  Considering the totality of the circumstances, the Court concludes that the government's and F3EA's total pages of briefing should be limited.  Such an adjustment also reflects the Court's experience with the diminishing marginal returns of additional pages of briefing.

For the foregoing reasons, the Court adopts the parties' proposed schedule, *see* ECF No. 24, but with the following modified page limitations:

| Event | Due on or before | Page limits |
|---|---|---|
| Defendant shall file the administrative record | Friday, August 18, 2023 | N/A |
| Plaintiff MJAR | Friday, September 22, 2023 | Fifty (50) pages |
| Defendant and Defendant-Intervenor cross-MJARs and responses to Plaintiff's motion | Friday, October 27, 2023 | Thirty-five (35) pages for each party, for a total of seventy (70) pages between them |
| Plaintiff response and reply | Monday, November 6, 2023 | Forty (40) pages |
| Defendant and Defendant-Intervenor replies | Thursday, November 16, 2023 | Fifteen (15) pages each, for a total of thirty (30) pages between them |

The Court intends to hold oral argument in late November or early December 2023 at a date and time to be determined.  Finally, any motion for an enlargement of time *must* be filed no later than two full business days prior to the deadline for which an extension is sought.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge

---

[2] In general, absent leave from the Court, a party's initial motion cannot exceed forty pages (or fifty pages for cross-motions), a response brief cannot exceed thirty pages, and a reply brief cannot exceed twenty pages.  *See* RCFC 5.4(b)(1)–(2).